SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrell Barnes, | No. CV 11-2413-PHX-DGC (MEA) |
| Movant, | **ORDER** |
| vs. | |
| Federal Correctional Institute, et al., | |
| Respondents. | |

Inmate Terrell Barnes, who is confined in the Federal Correctional Institution in Phoenix, Arizona, filed *pro se* a "Motion for Preliminary Injunction" with an "Application to Proceed Without Prepayment of Fees and Affidavit." (Doc. 1, 3.) The Clerk of Court opened a civil case to facilitate consideration of the Motion and Application, although Barnes did not file a complaint or petition and failed to use the court-approved form for use by prisoners who wish to proceed *in forma pauperis*. On January 20, 2012, Barnes filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Pending Expedited Review." (Doc. 6.) In the Petition, he named FCI-Phoenix and Warden Dennis Smith as Respondents.

The Court concludes that this matter should proceed as a Petition for Writ of Habeas Corpus pursuant to § 2241. Further, the *in forma pauperis* application filed by Barnes, hereafter Petitioner, supports his request to bring a habeas petition *in forma pauperis* and will be granted. Petitioner's motion for injunctive relief, however, is improper in a habeas action and will be denied. In addition, FCI-Phoenix is not a proper Respondent and will be

1 dismissed. The Court will require a response to the Petition.

## I. Application to Proceed *In Forma Pauperis*

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. (Doc. 3.) Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

## II. Background

Petitioner was convicted by a jury in the District Court for the Southern District of Texas of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and 846. See United States v. Farahkhan, 135 F.3d 140 (5th Cir. 1997). Petitioner was also convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 18 U.S.C. § 2. Id. Petitioner was sentenced to two concurrent 240-month terms of imprisonment followed by ten years on supervised release. Id. Petitioner's convictions and sentences were affirmed on direct appeal. Id. A motion for relief pursuant to 28 U.S.C. § 2255 was denied. United States v. Barnes, No. 4:96CR00024 (S.D. Tex. July 27, 2000).

Petitioner alleges the following: on August 19, 2010, he was transferred to FCI-Phoenix. Petitioner applied for the Residential Drug Abuse Program (RDAP). After a formal interview to determine eligibility, RDAP staff placed Petitioner on the Drug and Alcohol Treatment Program (DAP) wait list. On December 19, 2010, Petitioner was reassigned to the RDAP Unit. Although still DAP wait-listed, RDAP unit staff required Petitioner and other DAP wait-listed inmates to comply with the same requirements as active RDAP participants.

On April 20, 2011, Petitioner filed an administrative remedy, BP-8, seeking an explanation concerning the policy statement that impaired his ability to receive a 12-month reduction in his sentence for successful completion of RDAP. (Doc. 1, ex. A.) The response to Petitioner's BP-8 stated that:

> Admission to RDAP is based on eligibility for treatment, availability of openings in the program, and Projected Release Date (PRD) of the individual.

- 2 -

> When a position comes open in RDAP, the inmate from the RDAP wait list who is closest to release is placed into treatment. This is done in order to ensure that individuals have an opportunity to receive treatment prior to release. This means that some individuals will be on the wait list for extended periods of time as the wait list changes due to program interviews and movement in and out of the institution. While a person may be eligible for up to 12 months of sentence reduction for successfully completing RDAP, there is no guarantee they will receive the full 12 months. Due to capacity and institutional treatment needs, most often individuals do not begin participating in RDAP with enough time to complete 9 to 12 months of direct treatment in prison and 6 months of follow-up care in the community to receive the full 12 months of sentence reduction. This is an issue throughout the BOP and efforts have been made to increase program capacity within the past several years. Just as every individual who is determined eligible for RDAP treatment, you will be required to wait until there is space available and you are the closest to your PRD out of those on the wait list to begin treatment.

(Id.)

On May 9, 2011, Petitioner filed a Request for an Administrative Remedy, BP-9, in which he contended that inmates sentenced to more than 37 months, including him, did not receive the full 12-month reduction, while inmates with sentences less than 37 months do, citing Program Statement (PS) 5330.11.10. Petitioner further contended that although he had been on the DAP wait list since December 21, 2010, and was subject to the RDAP's requirements, he was not credited with any sentence reduction while other inmates were added to the wait list ahead of him and began to immediately receive sentence reduction credit. Petitioner asserted that this process violated his equal protection rights because he had a longer sentence.

On May 19, 2011, Warden Smith denied the grievance. He stated in relevant part that:

> Review of this matter revealed the institutional practice is to prioritize participation in RDAP based on the PRD of the individuals waiting to enter the program. This is done to ensure all individuals who qualify for RDAP treatment have an opportunity to receive treatment prior to release. As PRDs are not assigned by treatment staff, but are used to determine the placement of all candidates into the program, the use of this accepted practice is not influenced by prejudice or bias. Further, RDAP is currently at 100% capacity and has been since you were assigned to the unit.

(Id., ex. B.)

Meanwhile, on May 16, 2011, the Drug Abuse Program Coordinator, M. Cortes,

issued a memorandum regarding RDAP Wait Treatment Readiness. (Id., ex. C.) In it, Cortes stated that the use of the DAP Wait Treatment Plan/Agreement was being discontinued and that activities would be available to those waiting to enter RDAP on a volunteer, rather than a required, basis. (Id.) Further, Cortes stated that participation in treatment activities would not count towards the 500 treatment hours required to complete RDAP. (Id.)

On June 3, 2011, Petitioner filed a Regional Administrative Remedy Appeal in which he again asserted the violation of equal protection and argued that the May 16 Memorandum breached the terms of the RDAP treatment plan. (Id., ex. D.) On July 27, 2011, Regional Director Robert E. McFadden denied Petitioner's Regional Administrative Remedy Appeal after explaining the process. (Id.) On August 10, 2011, Petitioner filed a Central Office Administrative Remedy Appeal, BP-11. (Id., ex. E.) Petitioner did not receive a response to his BP-11. Petitioner thereafter commenced this case.

### III. Petition

In his Petition, Petitioner names FCI-Phoenix and Warden Dennis Smith as Respondents. The proper respondent in a § 2241 petition is the person who has custody over the prisoner, i.e., the custodian of the institution where the federal prisoner is incarcerated. 28 U.S.C. § 2242; see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); United States v. Greenfield, No. CV11-0452, 2011 WL 3047706, at *2 (D. Haw. July 22, 2011); Davis v. Quintana, No. 10CV1419, 2011 WL 181740, at *1 (S.D. Cal. Jan. 18, 2011). The person having custody over Petitioner is Warden Dennis Smith, not FCI-Phoenix. FCI-Phoenix will be dismissed as an improper Respondent.

Petitioner raises two grounds for relief. In Ground One, he alleges that BOP officials arbitrarily applied a sliding scale sentencing reduction rule for DAP WAIT/RDAP participants in violation of the Administrative Procedures Act (APA) and Equal Protection. In Ground Two, he alleges that BOP officials arbitrarily expanded the program treatment plan without crediting mandatory participation towards the official entrance date. The Court will require Respondent to answer the Petition.

### IV. Motion for a Preliminary Injunction

Petitioner initiated this case by seeking a preliminary injunction to enjoin "Respondent's retaliatory actions." (Doc. 1 at 1.) Petitioner states that after filing an administrative grievance, "prison officials" engaged in a pattern of retaliatory acts to disqualify him from participation and eligibility for RDAP. (Id.) Specifically, he states that unit staff intentionally assigned a problematic inmate to Petitioner's cell and, despite months of complaining about the assignment, staff have refused to move that inmate. In addition, Petitioner was cited for disrespect.

To obtain injunctive relief, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); Am. Trucking Assoc., Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). "No preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ. P. 65(a)(1). Further, a temporary restraining order without notice may be granted *only* if the applicant certifies to the court in writing the efforts, if any, that he made to give notice and the reasons that notice should not be required. Fed.R.Civ.P. 65(b).

Petitioner seeks an injunction with respect to alleged retaliation by "unidentified staff." Such claims are properly brought in an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and not in connection with a § 2241 Petition. Moreover, Petitioner appears to seek injunctive relief against BOP staff who are not parties to this case. For both reasons, his motion for injunctive relief will be denied.

1  **V.     Warnings**

2         **A.     Address Changes**

3         Petitioner must file and serve a notice of a change of address in accordance with Rule
4  83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
5  relief with a notice of change of address. Failure to comply may result in dismissal of this
6  action.

7         **B.     Copies**

8         Petitioner must serve Respondent, or counsel if an appearance has been entered, a
9  copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
10 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
11 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
12 comply may result in the filing being stricken without further notice to Petitioner.

13        **C.     Possible Dismissal**

14        If Petitioner fails to timely comply with every provision of this Order, including these
15 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
16 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
17 comply with any order of the Court).

18 **IT IS ORDERED:**

19        (1)     This action is designated as one brought pursuant to 28 U.S.C. § 2241.

20        (2)     Respondent FCI-Phoenix is **dismissed**.

21        (3)     Petitioner's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 3.)

22        (4)     Petitioner's motion for injunctive relief is **denied**. (Doc. 1.)

23        (5)     The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 6),
24 and this Order upon the United States Attorney for the District of Arizona by certified mail
25 addressed to the civil process clerk at the office of the United States Attorney pursuant to
26 Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send
27 by certified mail a copy of the Summons, the Petition, and this Order to the United States

28

Attorney General pursuant to Rule 4(i)(1)(B) **and** to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(6) Respondent must answer the Petition within 20 days of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(7) Petitioner may file a reply within 30 days from the date of service of the answer.

(8) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 9th day of March, 2012.

*David G. Campbell*
_____
David G. Campbell
United States District Judge

- 7 -