IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrell Barnes, ) | |
| ) | |
| Petitioner, ) | CIV 11-02413 PHX DGC (MEA) |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Dennis R. Smith, ) | |
| ) | |
| Respondent. ) | |

**TO THE HONORABLE DAVID C. CAMPBELL:**

Mr. Terrell Barnes ("Petitioner"), who is incarcerated at the Federal Correctional Institute in Phoenix, Arizona, filed a *pro se* motion for a preliminary injunction and a motion to proceed *in forma pauperis* on December 7, 2011. On January 20, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On March 8, 2012, the Court granted the motion to proceed *in forma pauperis* and denied the motion for preliminary injunctive relief and ordered Respondent to answer the petition. Respondent filed a pleading captioned as "Opposition to Writ of Habeas Corpus" ("Response") (Doc. 12) on March 30, 2012.

On April 2, 2012, Petitioner filed a motion seeking to introduce new evidence (Doc. 13) and a motion seeking discovery (Doc. 14). On April 18, 2012, Petitioner filed a reply (Doc. 15) to the response to his petition. On May 10 Petitioner filed a motion (Doc. 16) seeking to compel discovery from Respondents.

**I Procedural Background**

Petitioner was found guilty by a jury in the Southern District of Texas on one count of aiding and abetting possession with intent to distribute cocaine base and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On July 19, 1996, Petitioner was sentenced to a term of twenty years imprisonment followed by ten years of supervised release pursuant to these convictions. See Response, Exh. A.

Respondent avers Petitioner is projected to complete this sentence on August 26, 2013, based on credits for good conduct. See id., Exh. A & Exh. C. Petitioner's mandatory release date from federal custody is January 13, 2016. Id., Exh. A. Respondent avers that, should Petitioner successfully complete a prison residential drug abuse treatment program ("RDAP"), Petitioner, has "a 3621(e) conditional release date of February 13, 2013." Id., Exh. A.

Petitioner was placed at the Federal Correctional Institute ("FCI") in Phoenix, Arizona, on or about August 6, 2010. Petitioner alleges he applied for participation in a

prison residential drug abuse treatment program ("RDAP")[1] and that he was placed on a wait list for this program. Petitioner asserts that in December of 2010 he was reassigned to the RDAP housing unit.

Petitioner asserts he was officially enrolled in RDAP on November 7, 2011, after being on the wait list for participation in this program for eleven months. Petitioner contends that, based on the policy adopted by FCI, although he will have completed RDAP, which under some circumstances might qualify him for as much as a year of early release time, he will only be eligible for a sentence reduction of six months.

Petitioner asserts at some point he was informed by prison staff that many inmates are not placed in RDAP in time for them to complete the program and be eligible for the entire reduction in their sentence for completion of RDAP.[2] Petitioner contends that FCI decisions regarding prisoners' eligibility for participation in RDAP creates a disparity in treatment between short and long-term inmates within 36 months of their release, in violation of the United States Constitution's promise of

---

[1] As explained more thoroughly *infra*, in 1990 Congress required the federal Bureau of Prisons ("BOP") to provide substance abuse treatment for inmates. See 18 U.S.C. § 3621(b). Accordingly, the BOP instituted prison residential drug abuse treatment programs known as "RDAP". To provide an incentive for inmates to participate in RDAP, Congress amended section 3621 in 1994, authorizing the BOP to reward inmates who successfully completed RDAP with eligibility for early release from incarceration. See id. § 3621(e)(2)(B). The statute permits BOP to consider only those inmates convicted of "nonviolent" crimes for early release. Id.

[2] Prison staff noted that placement in RDAP was based on a prisoner's eligibility for treatment, the availability of space in the program, and the prisoner's projected release date.

equal protection.[3]

On January 20, 2012, Petitioner initiated this section 2241 action alleging that the Bureau of Prisons ("BOP") violated the Administrative Procedures Act ("APA") and Petitioner's right to equal protection of the law by arbitrarily using a sliding scale for inmate sentence reduction ("DAP wait/RDAP participants") and arbitrarily expanding the federal prison Residential Drug and Alcohol Program ("RDAP") "without crediting mandatory participants towards the overall entrance date." In Ground One of the petition, Petitioner alleges two causes of action under the APA; Petitioner asserts that "improper application of the Sliding Scale Sentencing Reduction ("SSSR") rule" creates "a disparity impact among short and long term inmates." Doc. 6. Petitioner also contends that the SSSR was implemented "without notice." Id. In Ground Two of the petition Petitioner asserts that BOP officials arbitrarily expanded the RDAP without crediting mandatory participation towards the official entrance date.

**II Analysis**

"The scope of habeas review under § 2241 extends both to constitutional and statutory questions." Barapind v. Reno, 225 F.3d 1100, 1110 (9th Cir. 2000). "A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison

---

[3] The policy at issue appears to determine the number of months of early release eligibility based on the length of the sentence imposed on the prisoner.

-4-

officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

In the Violent Crime Control and Law Enforcement Act of 1994, Congress required the Bureau of Prisons ("BOP") to make substance abuse treatment available to federal prisoners with a treatable substance abuse problem. See 18 U.S.C. § 3621(b). As an incentive for participation in substance abuse treatment, Congress authorized the BOP to offer early release to prisoners who are convicted of a "nonviolent" offense and who undergo drug abuse treatment. See id. § 3621(e)(2)(B). See also Warren v. Crabtree, 185 F.3d 1018. 1020-21 (9th Cir. 1999).

Congress delegated to the BOP the authority to administer the drug abuse programs, see 28 C.F.R. § 550.56, and gave the BOP the discretion to determine which prisoners may participate in RDAP and which prisoners are eligible for sentence reductions. See Lopez v. Davis, 531 U.S. 230, 241, 121 S. Ct. 714, 722 (2001). The language of section 3621(e)(2)(B) is permissive, stating the BOP "may" grant early release to prisoners convicted of non-violent crimes who complete substance abuse treatment; the federal courts have concluded the statute does not guarantee even statutorily-eligible inmates an early release. See, e.g., Reeb v. Thomas, 636 F.3d 1224, 1225 & 128-29 & n.5 & n.6 (9th Cir. 2011); Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999). See also Lopez, 531 U.S. at 241, 121 S. Ct. at 722.

The Ninth Circuit Court of Appeals has held that a section 2241 prisoner may not challenge the BOP's individualized

determination relating to that prisoner's eligibility for release upon completion of RDAP or eligibility for RDAP, but that the BOP's categorical denial of early release pursuant to section 3621 is reviewable as a violation of the Administrative Procedures Act. See Close v. Thomas, 653 F.3d 970, 973-74 (9th Cir. 2011), cert. denied, 132 S. Ct. 1606 (2012); Reeb, 636 F.3d at 1225 & 128-29.[4] Cf. Standifer v. Ledezma, 653 F.3d 1276, 1279 & n.3 (10th Cir. 2011) (holding that the BOP's decision to admit a prisoner to RDAP was not reviewable but that whether the BOP exceeded its statutory authority in determining a category of inmates which could be excluded from RDAP was reviewable).

Petitioner's claim with regard to the policies governing an inmate's priority to be received into RDAP appears to be precluded by a decision of the Ninth Circuit Court of Appeals:

> Congress directed BOP to provide RDAP services to eligible offenders "with priority ... based on an eligible prisoner's proximity to release date," 18 U.S.C. § 3621(e)(1)(C), as calculated by applying the definition of "date of release" in § 3624(a). Our

---

[4] There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.

Reeb, 636 F.3d at 1227.

> conclusion is buttressed by the fact that the early release at issue here is discretionary: "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons...." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). "Proximity to release date" cannot logically be equated with "proximity to earliest potential release date." Accordingly, Close's argument fails. The statute unambiguously does not require BOP to account for subsection (e) early release when calculating inmates' "proximity to release date" and their resulting RDAP wait list placement.

Close, 653 F.3d at 975-76.

Additionally, in Close the Ninth Circuit concluded that the APA was not violated by the implementation of regulations and policies regarding inmates' eligibility for RDAP and BOP decisions regarding the "sliding scale" or SSSR provisions. See id. at 976 (upholding the validity of the rule specifying that RDAP-eligible inmates would be ranked on the RDAP wait-list based on their "proximity to release" using the good-time release date). Accordingly, Petitioner is not entitled to relief on the basis of his APA claim.

**Due Process and Equal Protection claims**

There is no constitutionally protected right of a convicted person to early release under section 3621(e) and, therefore, Petitioner was never entitled to a sentence reduction and he has not been deprived of a statutory or constitutional right by the denial of some portion of the reduction. See, e.g., Reeb, 636 F.3d at 1229 n.4; Zacher v. Tippy, 202 F.3d 1039, 1045 (8th Cir. 2000); Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998).

-7-

Similarly, in <u>Reeb</u> the Ninth Circuit Court of Appeals denied a the Petitioner's claim that application of a sliding scale (SSSR) utilizing an inmate's proximity to release to determine eligibility for participation in RDAP and the amount of available early release time did not violate the petitioner's right to equal protection of the law because the petitioner had not presented any facts demonstrating that he was treated differently from others who were similarly situated to him. benefit. <u>See</u> 636 F.3d at 1229.

**III Conclusion**

Petitioner has not established that he was denied his constitutional rights or that the Administrative Procedures Act has been violated.

**IT IS THEREFORE RECOMMENDED that** Mr. Barnes' Petition for Writ of Habeas Corpus be **denied**.

**IT IS FURTHER RECOMMENDED that** Petitioner's motion seeking to introduce new evidence (Doc. 13), and his motion seeking discovery (Doc. 14), and his motion (Doc. 16) seeking to compel discovery from Respondents, all be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to

file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 15th day of May, 2012.

_____
Mark E. Aspey
United States Magistrate Judge