**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrell Barnes,<br><br>               Petitioner,<br><br>v.<br><br>Dennis Smith,<br><br>               Respondent. | No. CV11-02413-PHX-DGC<br><br>**ORDER** |

Petitioner Terrell Barnes has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 6. On March 9, 2012, the Court granted Petitioner's motion to proceed *in forma pauperis*, dismissed Respondent FCI-Phoenix, and ordered the remaining Respondent, Warden Dennis Smith, to answer the petition. Doc. 7. Respondent filed an opposition to the petition (Doc. 12), and Petitioner filed a traverse to the opposition (Doc. 15). Petitioner also filed a motion to introduce newly available information (Doc. 13), a motion for discovery (Doc. 14), and a motion to compel discovery (Doc. 16). On May 16, 2012, Magistrate Judge Mark E. Aspey issued a report and recommendation ("R&R") that the petition (Doc. 6) and three pending motions (Docs. 13, 14, 16) be denied. Petitioner filed an objection to the R&R (Doc. 18), Respondent filed a response to the objection (Doc. 19), and Petitioner filed a traverse to the response (Doc. 20). For the reasons that follow, the Court will accept the R&R and deny Petitioner's motions.

## I.     Background.

Petitioner is currently an inmate at the Federal Correctional Institution (FCI) in Phoenix, Arizona. Petitioner was convicted by a jury in the Southern District of Texas of conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base pursuant to 21 U.S.C. §§ 841(a) and 846. *See United States v. Farahkhan*, 135 F.3d 140 (5th Cir. 1997) (affirming convictions). On July 19, 1996, Petitioner was sentenced to two concurrent 240-month terms of imprisonment followed by ten years of supervised release. *Id.* Petitioner's convictions and sentence were affirmed on direct appeal. *Id.* Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 was denied. *United States v. Barnes*, No. 4:96CR00024 (S.D. Tex. July 27, 2000).

Petitioner alleges the following. He was transferred to FCI Phoenix on August 19, 2010, where he applied for the prison's residential drug abuse treatment program ("RDAP") and was placed on the waitlist. Doc. 6, at 3. On December 19, 2010, Petitioner was assigned to the RDAP unit. *See id.* On April 20, 2011, Petitioner filed a BP-8 (administrative remedy), requesting an explanation of a policy statement that impaired his ability to receive a 12-month reduction in his sentence for successful completion of RDAP. Doc. 6, at 19-20 (Ex. A). The response to Petitioner's BP-8 stated:

> When a position comes open in RDAP, the inmate from the RDAP wait list who is closest to release is placed into treatment. This is done in order to ensure that individuals have an opportunity to receive treatment prior to release. This means that some individuals will be on the wait list for extended periods of time as the wait list changes due to program interviews and movement in and out of the institution. While a person may be eligible for up to 12 months of sentence reduction for successfully completing RDAP, there is no guarantee they will receive the full 12 months. Due to capacity and institutional treatment needs, most often individuals do not begin participating in RDAP with enough time to complete 9 to 12 months of direct treatment in prison and 6 months of follow-up care in the community to receive the full 12 months of sentence reduction. This is an issue throughout the BOP (Bureau of Prisons) and efforts have been made to increase program capacity within the past several years. Just as every

>individual who is determined eligible for RDAP treatment, you will be required to wait until there is space available and you are the closest to your PRD (projected release date) out of those on the wait list to begin treatment.

Doc. 6, at 21 (Ex. A).

On May 10, 2011, Petitioner filed a BP-9 (administrative remedy) to Respondent, challenging RDAP's policy for creating a disparity between short and long term inmates. Doc. 6, at 3, 23-25 (Ex. B). Specifically, Petitioner alleges that inmates sentenced to more than 37 months, including himself, do not receive the full 12-month reduction, while inmates sentenced to less than 37 months do. Doc. 6, at 24. Petitioner also alleges that although he has been on the RDAP wait list since December 21, 2010, and has been subject to RDAP requirements, he was not credited with sentence reduction, while other inmates were added to the wait list ahead of him and immediately began receiving sentence reduction credit. *Id.* On May 19, 2011, Respondent denied the grievance, stating in relevant part:

>Review of this matter revealed the institutional practice is to prioritize participation in RDAP based on the PRD of the individuals waiting to enter the program. This is done to ensure all individuals who qualify for RDAP treatment have an opportunity to receive treatment prior to release. As PRDs are not assigned by treatment staff, but are used to determine the placement of all candidates into the program, the use of this accepted practice is not influenced by prejudice or bias. Further, RDAP is currently at 100% capacity and has been since you were assigned to the unit.

Doc. 6, at 26 (Ex. B).

Meanwhile, on May 16, 2011, Drug Abuse Program Coordinator M. Cortes issued a memorandum regarding RDAP Wait Treatment Readiness. Doc. 6, at 28 (Ex. C). Cortes stated that the use of the DAP Wait Treatment Plan/Agreement was being discontinued and that activities would be available to those waiting to enter RDAP on a voluntary, rather than a mandatory, basis. *Id.* Participation in treatment activities would not count toward the 500 treatment hours required to complete RDAP. *Id.*

1	On June 3, 2011, Petitioner filed a BP-11 Regional Administrative Remedy Appeal in which he again asserted violation of equal protection and argued that the May 16 memorandum breached the terms of the RDAP treatment plan. Doc. 6, at 31-32 (Ex. D). Regional Director Robert E. McFadden denied relief, citing excerpts of Program Statement P5330.11, Psychology Treatment Programs. Doc. 6, at 33-34 (Ex. C). He explained that therapy credit was not available for merely living on the RDAP residential unit and abiding by unit rules. *Id.* On August 10, 2011, Petitioner filed a BP-11 Central Office Administrative Remedy Appeal. Doc. 6, at 35. Petitioner did not receive a response. *See* Doc. 6, at 4.

On January 20, 2012, Petitioner filed a § 2241 action alleging the Bureau of Prisons ("BOP") (1) violated the Administrative Procedure Act ("APA") and Petitioner's right to equal protection by arbitrarily using a sliding scale for inmate sentence reduction which results in a disparate impact among short and long term inmates, and by misapplying the sliding scale sentencing reduction ("SSSR") toward long term "DAP wait/RDAP participants" without notice; and (2) arbitrarily expanding RDAP without crediting mandatory participation toward the official entrance date. Doc. 6, at 6, 13.

**II.	Legal Standard.**

A party may file written objections to an R&R's proposed findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**III.	Discussion.**

The APA provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, but withdraws that cause of action to the extent that

the relevant statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a). Agency actions can be held unlawful when they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Title 18 U.S.C. § 3621 governs imprisonment of persons convicted of federal crimes, and provides that BOP "shall make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The BOP must make available residential substance abuse treatment for eligible prisoners, *id.* § 3621(e)(1), and as an incentive for successful completion of RDAP, the BOP may reduce a prisoner's sentence by up to one year, *id.* § 3621(e)(2)(B). Determining which prisoners are eligible to participate in RDAP is within the discretion of the BOP, *id.* § 3621(e)(5)(B), as is the decision to grant or deny eligible prisoners sentence reductions upon successful completion of the program, *id.* § 3621(e)(2)(B). Federal courts lack jurisdiction under the APA to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011) ("Congress specified in 18 U.S.C. § 3625, entitled Inapplicability of the Administrative Procedure Act, that '[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA] do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621-3625].'") (quoting 18 U.S.C. § 3625) (alterations in original). Judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority. *Id.*; *see Close v. Thomas*, 653 F.3d 970, 973-74 (9th Cir. 2011). Petitioner alleges that the manner in which BOP reduces sentences for short and long term inmates violates the Equal Protection Clause. Doc. 18, at 2. The petition is therefore within this Court's jurisdiction.

### A.     APA Claim.

The R&R finds that "Petitioner's claim with regard to the policies governing an inmate's priority to be received into RDAP appears to be precluded" by *Close v. Thomas*, 653 F.3d 970 (9th Cir. 2011).  Doc. 17, at 6.  Close argued that the statutory phrase "proximity to release" in 18 U.S.C. § 3621(e) required that BOP give nonviolent offenders priority placement in RDAP to maximize the opportunity for a one-year sentence reduction upon successful completion of the program.  *Close*, 653 F.3d at 974.  The Ninth Circuit held that Congress had unambiguously directed BOP to provide RDAP services to eligible offenders "with priority . . . based on an eligible prisoner's proximity to release date," 18 U.S.C. § 3621(e)(1)(C), as calculated by applying the definition of "date of release" in § 3624(a).  *Id.* at 975.  This conclusion was "buttressed by the fact that the early release at issue here is *discretionary*: '[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons[.]'"  *Id.* (quoting 18 U.S.C. § 3621(e)(2)(B)) (emphasis in original).

The R&R concludes, based on the Ninth Circuit's holding in *Close*, that there is no APA violation caused by the implementation of regulations and policies regarding inmates' eligibility for RDAP and by BOP decisions regarding SSSR provisions.  *See* Doc. 17, at 7.  Petitioner does not dispute this conclusion.  Doc. 18, at 3.  The SSSR is an internal BOP guideline for awarding early release incentives, as outlined by Program Statement P5331.02.  *See* Doc. 12, at 4; *Fiscus v. Thomas*, No. CV 10-910-MO, 2011 WL 2174025 (D. Or. May 31, 2011).  It "explains and clarifies the amount of time the BOP may be inclined to award to inmates depending on the length of their sentence." *Fiscus*, 2011 WL 2174025, at *3.  Internal guidelines may be altered by the BOP at will, and are not subject to the rigors of the APA, including public notice and comment.  *See Reeb*, 636 F.3d at 1227; *Jacks v. Crabtree*, 114 F.3d 983, 985 n.1 (9th Cir. 1997).

For these reasons, Petitioner's allegations that the BOP acted arbitrarily by using a sliding scale for inmate sentence reduction and failing to give proper notice, and that

BOP acted arbitrarily by expanding RDAP without crediting mandatory participation, fail under APA review. The Court will adopt the R&R with respect to Petitioner's APA challenges.

### B.     Due Process Claim.

"A due process claim is cognizable only if there is a recognized liberty or property interest at stake." *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995). Petitioner cannot prevail on a due process claim because inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence); *Jacks v. Crabtree*, 114 F.3d at 986 n.4 (holding that 18 U.S.C. § 3621(e)(2)(B) does not create a due process liberty interest in a one-year sentence reduction). Petitioner concedes that he does not claim entitlement to a sentence reduction. Doc. 18, at 3. To the extent that Petitioner makes a due process claim (*see* Doc. 18, at 3), the Court will adopt the R&R's analysis and reject that claim.

### C.     Equal Protection Claim.

Petitioner seeks "judicial review of an inequity in sentence reductions between two newly identified suspect classes." Doc. 18, at 4. He alleges an equal protection violation arising from "a combined method of calculation" – the improper application of the SSSR combined with the PRD to determine a RDAP participant's eligible reduction of sentence – "which provides short term inmates unfair advantages over long term inmates." *Id.* at 3-4. He argues that this advantage, ascertained through BOP's method of calculation, is contrary to Congress's intent for § 3612(e). *Id.*

The R&R relies on *Reeb*, in which the Ninth Circuit denied the petitioner's equal protection claim because he did not "present any facts demonstrating that he was treated differently from others who were similarly situated to him." *See* Doc. 17, at 8; *Reeb*, 636 F.3d at 1229 n.4. Petitioner objects that his case is distinguishable from *Reeb* for three reasons: he has presented case samples (*see* Doc. 6, at 10-12), he argues the cumulative

effect of BOP's improper calculations, and his circumstances affect a broader group with potential class action ramifications. Doc. 18, at 4.

The Fourteenth Amendment's Equal Protection Clause applies to the federal government through the Fifth Amendment's Due Process Clause. *See Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954); *McClean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). *Cf.* Doc. 12, at 4. Equal protection claims are considered under a two-step analysis. First, petitioner must show that the statute in question "results in members of a certain group being treated differently from other persons based on membership in that group." *United States v. Lopez-Flores*, 63 F.3d 1468, 1472 (9th Cir. 1995). Proof of discriminatory intent is required to show that state action having a disparate impact violates the Equal Protection Clause. *See Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265 (1977). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." *Lopez-Flores*, 63 F.3d at 1472.

Whether a described class of persons is sufficiently distinct and cognizable for equal protection is a question of fact. *Hernandez v. Texas*, 347 U.S. 475, 478 (1954). The Ninth Circuit has held that "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011). The Court is not aware of any case that has recognized long term inmates, distinct from short term inmates, as a cognizable class.

Even if long term inmates were a cognizable class, Petitioner has not shown that BOP's method of calculating sentence reductions results in long term inmates being treated differently from other inmates based on their membership in the class of long term inmates. On its face, 18 U.S.C. § 3621(e)(1) prioritizes inmates for RDAP based on their proximity to release date. Petitioner has not alleged that sentence reduction calculation methods are motivated by intent to discriminate against long term inmates. *See Village of Arlington Heights*, 429 U.S. at 265. Petitioner has merely shown that RDAP inmates

receive different sentence reductions depending on the length of their original sentence. *See* Doc. 6, at 10-12.

Because Petitioner does not challenge rules that burden a fundamental right or target a suspect class, the BOP policy is valid as long as it survives the rational basis test, which accords a strong presumption of validity. *See McLean*, 173 F.3d at 1186; *Whitlock*, 639 F.3d at 941. A government policy is valid under the rational basis test if it is rationally related to a legitimate government interest. *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *Rodriguez v. Cook*, 163 F.3d 584, 589 (9th Cir. 1998).

BOP has explained that its practice is to prioritize participation in RDAP based on the PRD of the inmates waiting to enter the program, and that "[t]his is done to ensure all individuals who qualify for RDAP treatment have an opportunity to receive treatment prior to release." Doc. 6, at 26 (Ex. B). BOP admits that, as a result of this practice, "some individuals will be on the wait list for extended periods of time as the wait list changes due to program interviews and movement in and out of the institution," and that "[d]ue to capacity and institutional treatment needs, most often individuals do not begin participating in RDAP with enough time . . . to receive the full 12 months of sentence reduction." Doc. 6, at 21 (Ex. A).

The Court need not inquire whether BOP's policy is the best way to manage its RDAP program because "rational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Heller v. Doe*, 509 U.S. 312, 319 (1993) (citation omitted). The Court finds that BOP's policy is rationally related to its legitimate interest in ensuring that qualifying inmates have an opportunity to receive treatment prior to release. The Court will deny Petitioner's equal protection claim for the reasons in the R&R as well as those set forth above.

**IV.    Conclusion.**

Petitioner has not established a violation of the APA or a violation of his constitutional rights to due process and equal protection. The Court therefore accepts the findings and recommendations in Judge Aspey's R&R.

**IT IS ORDERED:**

1. The factual findings and conclusions in Judge Aspey's R&R (Doc. 17) are **accepted**.

2. Terrell Barnes's petition for habeas corpus (Doc. 6) is **denied**.

3. The motion to introduce newly available information (Doc. 13), motion for discovery (Doc. 14), and motion to compel discovery (Doc. 16) are **denied**.

4. The Clerk shall terminate this action.

Dated this 3rd day of July, 2012.

*David G. Campbell*
United States District Judge